## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **KIMBERLY PHILLIPS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | |
| | : | **NO. 15-5248** |
| **NANCY A. BERRYHILL,[1] Acting** | : | |
| **Commissioner of Social Security,** | : | |
| | : | |
| **Defendant.** | : | |

## M E M O R A N D U M

**STENGEL, C.J.**                                                                 **March 29, 2018**

### I.     INTRODUCTION

Kimberly Phillips requests judicial review of the final decision of the

Commissioner of Social Security denying her application for disability insurance benefits

under Title II of the Social Security Act. United States Magistrate Judge Elizabeth T. Hey

issued a Report & Recommendation ("the Report") recommending that the

Commissioner's final decision be vacated and the matter remanded for further

proceedings. The Commissioner objected to the Report, and the plaintiff responded. For

the reasons set forth below, I will adopt Judge Hey's recommendation and will vacate

and remand the Commissioner's final decision.

---

[1] Nancy A Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to
Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Berryhill should be substituted for the former
Acting Commissioner, Carolyn Colvin, as the defendant in this action. No further action need be taken to
continue this suit pursuant to section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

## I. BACKGROUND

In her Report, Judge Hey summarized the procedural history as follows:

> Plaintiff filed a protective application for DIB on August 9, 2012, alleging that she had been unable to work since July 30, 2010. Tr. at 123-29, 136. Plaintiff's date last insured for purposes of DIB is March 31, 2012. Id. at 41, 78, 136, 164. The application was denied initially, see id. at 86-89, and Plaintiff requested an administrative hearing which was held before an ALJ [administrative law judge] on January 28, 2014. Id. at 37-76. On April 11, 2014, the ALJ issued an unfavorable decision, finding that Plaintiff retained the residual functional capacity ("RFC") to perform a range of sedentary work as of her date last insured of March 31, 2012, and was therefore not disabled. Id. at 25-26, 31-32. On July 20, 2015, the Appeals Council denied Plaintiff's request for review, id. at 1-6, making the ALJ's decision the final decision of the Commissioner.
> 20 C.F.R. § 404.981.
> Plaintiff filed her complaint in this action on September 23, 2015, and submitted a Brief and Statement of Issues in Support of Request for Review on December 31, 2015. Docs. 3 & 8. Defendant filed a response on February 2, 2016, and Plaintiff filed a reply brief on February 11, 2016. Docs. 10 & 11. Thereafter, the Honorable Lawrence F. Stengel referred the matter to the undersigned for a Report and Recommendation. Doc. 12.

(Doc. No. 14, at 1–2 (footnote omitted).)

Judge Hey recommended finding in the plaintiff's favor on both issues appealed. First, her Report found that the administrative law judge's (ALJ's) finding at step two of the sequential analysis and his RFC assessment were not supported by substantial evidence because the ALJ did not determine the onset date of the plaintiff's mental impairment and did not incorporate relevant limitations in his RFC assessment. (Id. at 24, 30.) Specifically, Judge Hey's Report stated that "the medical evidence supports Plaintiff's testimony that anxiety and panic attacks existed prior to her date last insured, that these mental health

impairments had more than a minimal impact on her ability to do basic work activities, and that the ALJ erred in failing to incorporate limitations caused by these impairments into his RFC assessment." (Id. at 24.)

Second, the Report concluded that the ALJ erred when he "gave probative weight to the RFC assessment made by a physical therapist[2] who did not make an assessment of Plaintiff's ability to stand/walk two hours per day as required to perform sedentary work, and no treating medical source provided an opinion as to Plaintiff's ability in this regard." (Id. at 30.) Judge Hey noted that "[t]he absence of an assessment regarding Plaintiff's ability to stand/walk is particularly significant in this case, given Plaintiff's morbid obesity, her chronic knee pain, crepitus, and undisputed need for total knee replacement, and her history of rehabilitative difficulties related to her knee." (Id.)

The defendant filed objections to Judge Hey's Report on April 7, 2017. (Doc. No. 15.) The plaintiff filed a response to the defendant's objections on April 14, 2017. (Doc. No. 17.) The matter is ripe for decision.

## II.    LEGAL STANDARD

The U.S. District Court reviews *de novo* the portions of a magistrate judge's report & recommendation to which a party objects and "may accept,

---

[2] This reference is to Lynda Kihle, an occupational therapist and certified hand therapist. Ms. Kihle performed a June 15, 2011 functional capacity evaluation of Ms. Phillips. (Tr. 245–49.) Her evaluation concluded that Ms. Phillips was capable of work at the "light physical demand level." (Tr. 248.) The ALJ's decision rested heavily upon Ms. Kihle's evaluation but, given other factors, found that Ms. Phillips was capable of only sedentary work. (See Tr. 30, 32. ("An FCE is a particularly precise method of assessing the extent of physical functional limitations.").)

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In reviewing the ALJ's decision, the district court must determine whether it was supported by "substantial evidence." 42 U.S.C. § 405(g); Monsour Medical Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation mark omitted); Richardson v. Perales, 402 U.S. 389, 401 (stating that substantial evidence is "more than a mere scintilla"). If substantial evidence supports a Commissioner's decision, a court must uphold that conclusion, even if it would have decided the issue differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir.1999).

To determine whether a claimant has established a disability, the decision maker must employ a "five-step sequential evaluation process." Zirnsak v. Colvin, 777 F.3d 607, 611 (3d Cir. 2014) (citing 20 C.F.R. § 404.1520(a)). Step one considers the claimant's work activity: if the claimant is performing "substantial gainful activity," he or she is not disabled. § 404.1520(a)(4)(i). Step two considers the "medical severity" of the claimant's impairments. § 404.1520(a)(4)(ii). Step three again considers "medical severity," and determines whether the impairment "meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement [in § 404.1509]." § 404.1520(a)(4)(iii). Before step four, a claimant's residual functional capacity must be assessed. Residual functional

capacity is an assessment "based on all the relevant medical and other evidence in [a] case record." § 404.1520(e). Step four considers residual functional capacity and whether the claimant can perform "past relevant work." § 404.1520(a)(4)(iv). If the claimant cannot perform past relevant work, the fifth and final step considers residual functional capacity along with "age, education, and work experience" to determine whether the claimant can perform other work. § 404.1520(a)(4)(v). If a claimant can adjust to other work, he or she is not considered disabled. If he or she cannot adjust to other work, he or she is considered disabled. Id.

## III.   DISCUSSION

The Commissioner objects to Judge Hey's Report on two grounds. First, she claims that Judge Hey improperly reweighed the evidence in concluding that the ALJ erred at step two of the sequential evaluation (by finding that the plaintiff's anxiety was not a severe impairment) and in concluding that this alleged error was not harmless. (Doc. No. 15, at 1–2.) Secondly, the Commissioner claims that Judge Hey "mistakenly concluded that a 2 hour stand or walk requirement was necessary for sedentary work in spite of regulations, rulings, and Third Circuit precedent that conclude otherwise." (Id. at 2.) For the reasons that follow, I will adopt Judge Hey's Report.

### A.  *Objection to Judge Hey's Analysis of Plaintiff's Mental Impairments*

The Commissioner objects to Judge Hey's finding that substantial evidence did not support the ALJ's determination that the plaintiff did not have a "medically determinable mental impairment" as of her date last insured. (Doc. No.

15, at 2; Doc. No. 14, at 24, 30; Tr. 22.) The Commissioner argues that the plaintiff did not mention mental impairments on her disability application, that she did not argue in her brief to Appeals Council that the ALJ erred regarding its handling of mental impairments at step two of the analysis, that her counsel at the administrative hearing did not question the vocational expert regarding mental health limitations, and that the plaintiff addressed mental impairments for the first time on appeal. (Doc. No. 15, at 2.) Additionally, the defendant claims that no evidence in the record supports a conclusion that the plaintiff could not work because of her anxiety. (Id. at 2–3.) The defendant also argues that the magistrate judge reweighed the evidence and, in doing so, drew several incorrect inferences. (Id.)

The plaintiff responded that she noted "stress and anxiety" in her August 28, 2012 Function Report, which she completed as part of her disability application. (Doc. No. 17, at 2 (citing Tr. 161); Tr. 162.) Further, she stated that although her counsel did not question the vocational expert about her mental impairments at the hearing before the ALJ on January 28, 2014, her counsel did question her, and she testified about her severe depression, anxiety, and panic attacks. (Id. (citing Tr. 57–59); Tr. 39.) Lastly, the plaintiff noted that she did argue to the Appeals Council that she could not sustain employment due to multiple factors, including panic attacks. (Doc. No. 17, at 2 (citing Tr. 179–181).) The record confirms these assertions by the plaintiff, and it includes other medical evidence (discussed below, and more fully in Judge Hey's Report) to support a

finding that the plaintiff had anxiety and/or depression as of her date last insured. In summary, the plaintiff argues that Judge Hey was correct in finding that substantial evidence did not support the ALJ's conclusion that she did not have a mental impairment as of her date last insured. (Id. at 3–4.)

The ALJ's opinion had concluded that "[m]entally, the claimant is limited to unskilled tasks, which are goal directed rather than production paced tasks" and that "the claimant had no mental medically determinable impairment at the date last insured." (Tr. 30 (citation omitted).) In making this finding, the ALJ noted but discarded the plaintiff's testimony that she had "severe depression and anxiety for several years but just started therapy last year." (Id.) Additionally, the ALJ noted that the plaintiff's November 5, 2012 visit to Dr. Nicole Witherspoon, who diagnosed the plaintiff with anxiety and depression, came after the plaintiff's date last insured. (Id.)

In her Report, Judge Hey noted that the key date is the date of the disability's onset, not the date of diagnosis. (Doc. No. 14, at 22 (citing SSR 83-20, 1983 WL 31249, at *1 (Oct. 1, 1980); McAdams v. Sec. of Health & Human Serv., 726 F. Supp. 579, 587 (D.N.J. 1989).) The Policy Statement to SSR 83-20 states that "[f]actors relevant to the determination of disability onset include the individual's allegation, the work history, and the medical evidence. These factors are often evaluated together to arrive at the onset date." SSR 83-20, at *1.

Judge Hey underwent a close examination of the record to reach her conclusion that the ALJ improperly assessed plaintiff's mental impairment at step

7

two of the analysis and that his determination that the plaintiff had "no medically

determinable impairment at the date last insured" was not based on substantial

evidence. (Doc. No. 14, at 19.) Most notably, the November 5, 2012 report signed

by Dr. Witherspoon diagnosed the plaintiff with anxiety and depression and stated

that the "first episode" occurred in 1991, that the plaintiff was treated for

depression in 1997, and that she took Prozac for one year. (Tr. 282, 285.) Further,

in a psychiatric evaluation dated January 12, 2013, the evaluator, Angelina

Pelletier, noted that the plaintiff "[met] diagnostic criteria for Major Depressive

Disorder, Moderate, Recurrent and Panic Disorder." (Tr. 359.) While these two

evaluations occurred after the plaintiff's date last insured (March 31, 2012), their

findings of ongoing depression and anxiety correspond with an earlier (March 30,

2010) Montgomery Hospital emergency room report, where the plaintiff

complained of shortness of breath and noted her anxiety and panic attacks, where

the care provider's "clinical impression" included "anxiety/hyperventilation," and

where the "diagnosis" included "respiratory malfunction arising from mental

factors." (Tr. 184, 186, 190.)

Judge Hey noted: "[T]he ALJ did not include any mental health limitations

in the RFC other than a limitation to unskilled work with goal-directed rather than

production-paced tasks. Thus, the RFC did not include any limitations related to

Plaintiff's history of panic attacks and/or anxiety. . . ." (Doc. No. 14, at 24 (citing

Tr. 26, 57–58) (internal citation omitted).) I agree with the Report's analysis and

findings and accordingly conclude that substantial evidence does not support the

ALJ's finding that the plaintiff did not have a mental impairment as of her date last insured—and that this error was not harmless.

## B. Objection to Magistrate's Rejection of ALJ's RFC Assessment

The Commissioner objects to Judge Hey's conclusion that the ALJ's RFC assessment lacked a required, evidence-based finding regarding the plaintiff's capacity to stand or walk. (Doc. No. 15, at 6.) The ALJ had determined that the plaintiff could perform "sedentary work" with certain limitations, based on a thorough analysis of the record and hearing testimony. (Tr. 25–30.)

Social Security regulations note that "[a]lthough a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a). "Occasionally" means "occurring from very little up to one-third of the time . . . generally total[ing] no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday." (SSR 83-10, 1983 WL 31251, at *5 (Aug. 20, 1980).)

An RFC assessment "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. 404.1545[3] and 416.945." SSR 96-8p, 1996 WL 374184, at *1 (July 2,

---

[3] Section 404.1545(b) references the physical abilities that must be assessed and includes "walking" and "standing." It states:

1996). "Only after that assessment may RFC be expressed in terms of the

exertional levels of work, sedentary, light, medium, heavy, and very heavy." <u>Id.</u>

The Judge Hey's Report concluded that

> [a]lthough the ALJ was permitted to rely on Ms. Kihle's opinions
> regarding the severity of Plaintiff's impairments and the impact of those
> impairments on her ability to work, the ALJ's reliance on therapist Kihle's
> functional assessment is nevertheless flawed because her assessment
> focused on Plaintiff's ability to lift/carry, grip, and push/pull objects. As a
> result, Ms. Kihle did not assess Plaintiff's ability to stand/walk during the
> course of an 8-hour workday, and the ALJ failed to perform a function by
> function analysis in this regard. <u>See</u> 20 C.F.R. § 404.1567(a) ("Jobs are
> sedentary if walking and standing are required occasionally and other
> sedentary criteria are met."); S.S.R. 83-10, 1983 WL: 31251, at *5 ("Since
> being on one's feet is required 'occasionally' at the sedentary level of
> exertion, periods of standing or walking should generally total no more than
> about 2 hours of an 8-hour workday. . . .") The absence of an assessment
> regarding Plaintiff's ability to stand/walk is particularly significant in this
> case, given Plaintiff's morbid obesity, her chronic knee pain, crepitus, and
> undisputed need for total knee replacement, and her history of rehabilitative
> difficulties related to her knee. . . .Therefore, upon remand the ALJ shall
> obtain additional expert opinion regarding Plaintiff's RFC for the relevant
> period.

(Doc. No. 14, at 29–30.)

The Commissioner argues in her objection that "the regulations and related

rulings cited by the Magistrate Judge do not mandate a requirement of standing or

walking for two hours [during a workday] for all sedentary exertional level jobs."

(Doc. No. 15, at 8.) However, this seems to be a misreading of the Report. The

Report does not imply that sedentary work necessarily requires standing or

---

> When we assess your physical abilities, we first assess the nature and extent of your physical
> limitations and then determine your residual functional capacity for work activity on a regular and
> continuing basis. A limited ability to perform certain physical demands of work activity, such as
> sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including
> manipulative or postural functions, such as reaching, handling, stooping or crouching), may
> reduce your ability to do past work and other work.

walking for two hours. Instead, it notes that some duration (up to two hours) of

standing or walking may be required in a sedentary level position—and that the

Commissioner did not make a finding as to the plaintiff's ability to stand or walk.

(Doc. No. 14, at 29.)

Additionally, the Commissioner argues in her objection that a finding as to

the plaintiff's standing or walking ability may not be necessary where the ALJ

explicitly restricts a certain job level, as the ALJ did in this case.[4] (Doc. No. 15, at

8.) To support this argument, the Commissioner cites three cases, which I will

discuss. (Id. at 8 n.1.) In all three cases, unlike here, the ALJ placed a very specific

restriction on standing and/or walking—which acted as a de facto finding by the

ALJ as to the claimant's standing or walking ability. See Elliott v. Comm'r of Soc.

Sec., No. 08-1311, 2008 WL 4493111, at *1 (3d Cir. Oct. 8, 20008) (analyzing an

ALJ's finding that claimant could perform "light work" but was "limited to

occasional walking and standing, two ours out of an eight hour workday"); Young

v. Astrue, No. 11-2799,  2013 WL 1208450, *2 (3d Cir. Mar. 26, 2013) (stating

the ALJ's restrictions, which included "standing or walking no more than two

hours, and sitting no more than six hours, in an eight-hour day"); Ambrose v.

Colvin, 3:14-cv-1618, 2015 WL 877790, *14–15 (M.D. Pa. Mar. 2, 2015)

(analyzing the plaintiff's claim that the ALJ's specific standing and walking

---

[4] In this case, the ALJ found that the plaintiff could perform sedentary work "except for no foot controls;
never to climb ladders, ropes or scaffolds, crawl or kneel but can perform postural maneuvers occasionally;
must avoid concentrated exposure to vibration; and, must avoid even moderate exposure to hazards
(heights, moving machinery and sharp edges). Mentally, the claimant is limited to unskilled tasks and goal
directed rather than production paced tasks." (Tr. 25–26.)

restriction on "light work" meant that the ALJ should have found the plaintiff capable of only "sedentary work"). Critically, in Ms. Phillips's case, the ALJ did not specifically restrict standing or walking when he placed other conditions on her ability to do sedentary work. Therefore, the enumerated restrictions in this case cannot make up for the lack of a finding regarding the plaintiff's ability to stand or walk.

Judge Hey found the "absence of an assessment regarding Plaintiff's ability to stand/walk" dispositive in her conclusion that the ALJ's decision was not based on substantial evidence and that additional expert input would be necessary. (Doc. No. 14, at 29–30.) I agree with the Report's analysis and conclusion in this regard. While the ALJ did a thorough job unpacking the record, he did not make a specific finding regarding the plaintiff's ability to stand or walk, and this is a critical determination. See SSR 96-8p (requiring that an ALJ make function-by-function findings as to an individual's limitations); 20 C.F.R. 404.1545 (listing "walking" and "standing" as relevant functions).

After conducting a *de novo* review of the portions of the Report to which the Commissioner objected, I will adopt Judge Hey's recommendations. An appropriate order follows.